## IN THE UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

063-88804

| | |
|---|---|
| THOMAS R. ANASTASIA AND ANNA MARIE ANASTASIA | CIVIL ACTION |
| vs. | NO. |
| TRUMP PLAZA ASSOCIATES, LLC, INDIVIDUAL AND D/B/A TRUMP PLAZA HOTEL AND CASINO, TRUMP ENTERTAINMENT RESORTS, INC., TRUMP ENTERTAINMENT RESORTS HOLDINGS, L.P., KEYSTONE REDEVELOPMENT PARTNERS, INC., TER MANAGEMENT CO., LLC, AND CHARLES WHITEHEAD A/K/A CARL TONY O'NEILL | |

## NOTICE OF FILING NOTICE OF REMOVAL
## TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN
## DISTRICT OF PENNSYLVANIA

TO:    Jonathan M. Cohen, Esquire
       20 North 3rd Street, 5th Floor
       Philadelphia, PA  19106


**PLEASE TAKE NOTICE** that Trump Plaza, in the matter of <u>Thomas R. Anastasia and Anna</u>

<u>Marie Anastasia vs. Trump Plaza Associates, LLC, et al</u>, originally pending in the Court of Common

Pleas in the County of Philadelphia, Pennsylvania, under December Term 2010, No. 0571, files in the

United States District Court for the Eastern District of Pennsylvania, its Notice

{PH415292.1}

of Removal of said cause to the Eastern District of Pennsylvania.  A copy of the Notice of Removal is

attached hereto and served herewith.

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**

By:_____JEM3229_____

　　　　　Jerome E. Marks, Esquire
　　　　　Francis M. Flatch, Esquire
　　　　　Attorney I.D. Nos.: 21239/206088
　　　　　1800 JFK Boulevard, Suite 1900
　　　　　Philadelphia, Pa. 19103
　　　　　215-564-6688
　　　　　Attorneys for Defendants, Trump Plaza
　　　　　Associates, LLC Individual and d/b/a Trump
　　　　　Plaza Hotel and Casino, Trump
　　　　　Entertainment Resorts, Inc., and Trump
　　　　　Entertainment Resorts Holdings, L.P.

## IN THE UNITED STATED DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

063-88804

| | |
|---|---|
| THOMAS R. ANASTASIA AND ANNA MARIE ANASTASIA | CIVIL ACTION |
| vs. | NO. |
| TRUMP PLAZA ASSOCIATES, LLC, INDIVIDUAL AND D/B/A TRUMP PLAZA HOTEL AND CASINO, TRUMP ENTERTAINMENT RESORTS, INC., TRUMP ENTERTAINMENT RESORTS HOLDINGS, L.P., KEYSTONE REDEVELOPMENT PARTNERS, INC., TER MANAGEMENT CO., LLC, AND CHARLES WHITEHEAD A/K/A CARL TONY O'NEILL | |

## NOTICE OF REMOVAL

AND NOW, Defendants, Trump Plaza Associates, LLC, Individual and d/b/a Trump Plaza Hotel and Casino, Trump Entertainment Resorts, Inc., Trump Entertainment Resorts Holdings, L.P., TER Management, Co., LLC and Keystone Redevelopment Partners, Inc. by and through their attorneys, MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C., hereby seek removal of the above-captioned case to this Honorable Court and provides notice of same to counsel representing the Plaintiffs. In support of the removal, the Defendants aver as follows:

1.      This is an action filed on December 8, 2010 and is now pending in the Philadelphia Court of Common Pleas, December Term, 2010. No. 0571. Plaintiff seeks recovery for injuries sustained when he was attacked by Defendant, Charles Whitehead in a bathroom at the Trump Plaza Hotel Casino in Atlantic City, New Jersey. A copy of Plaintiffs' complaint is attached hereto as Exhibit "A".

2.      Plaintiffs' Complaint was served on moving Defendants on December 12, 2010.

{PH415292.1}

3.     This Notice of Removal is therefore being filed within thirty (30) days after receipt by the Defendants of the initial pleading setting forth the claim for relief upon which this action is based in accordance with 28 U.S.C. §1446(b).

4.     Moving Defendants now seek removal pursuant to diversity of citizenship under 28 U.S.C. § 1332 as well as the doctrine of fraudulent joinder.

5.     According to Plaintiffs' Complaint, the Plaintiffs Thomas R. Anastasia and Anne Marie Anastasia, h/w, reside at 3168 So. Uber Street, **Philadelphia, PA** 19145.

6.     According to Plaintiffs' Complaint, the following Defendants all hold diverse citizenship to that of the Plaintiff.  Specifically, Defendant, Trump Plaza Associates, L.L.C. d/b/a Trump Plaza Hotel and Casino is a New Jersey corporation which has its principle place of business at The Boardwalk at Mississippi Avenue, **Atlantic City, NJ** 08401. Defendants, Trump Entertainment Resorts, Inc. and Trump Entertainment Resorts Holdings, L.P. are New Jersey Corporations which have their principle place of business at 15 South Pennsylvania Avenue, **Atlantic City, NJ** 08401. Defendant, TER Management Co., L.L.C. is a Delaware Corporation which has its registered office at 2711 Centerville Road, Suite 400, **Wilmington, DE** 19808. Finally, Defendant, Charles Whitehead resides at So. Georgia Avenue, **Atlantic City, NJ** 08401.

7.     Keystone Redevelopment Partners, Inc., **the only non-diverse Defendant in the instant action** who, as discussed more fully below, has absolutely no relationship whatsoever to the ownership and operation of the Trump Plaza Hotel Casino where Plaintiff's incident allegedly occurred, has a principle place of business at CT Corp Systems, 116 Pine Street, Suite 320, Harrisburg PA, 17101.

8.     It is respectfully submitted that pursuant to the doctrine of **fraudulent joinder**, the instant action is one in which this Court has original jurisdiction under 28 U.S.C. § 1332 based upon the fact that there exists diversity of citizenship between the **legitimate** parties to this action and the

{PH415292.1}

amount in controversy, according to Plaintiff's demand propounded on Defense Counsel, is in excess of $75,000.00, exclusive of interests and costs.

9.     It is well settled that under the doctrine of fraudulent joinder, "[a] federal court must **disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy . . . Nominal parties are generally those without a real interest in the litigation.**" *See, Spring-Ford Area Sch. Dist. v. Genesis Ins. Co.*, 158 F. Supp. 2d 476, 479, 484 (E.D. Pa. 2001).

10.     Fraudulent joinder is therefore properly invoked where there is clearly "no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

11.     Applied here, the naming of Keystone Redevelopment Partners, Inc. as a Defendant clearly falls into the realm of fraudulent joinder where said entity does not own nor operate, nor has any responsibility for the Trump Plaza Hotel Casino where Plaintiffs' incident occurred.

12.     More specifically, Keystone Redevelopment Partners, Inc. was incorporated as a separate and distinct entity in Pennsylvania for the sole purpose of obtaining a gaming/casino license in connection with the proposed construction of a casino in Philadelphia County.

13.     As a result, Keystone Redevelopment Partners, Inc. has no ownership or management interest in the Trump Plaza Hotel Casino and, thus, has no connection whatsoever to the instant litigation.

14.     In short, Keystone Redevelopment Partners, Inc. is a nominal party against whom Plaintiff has absolutely no chance to establish a prima facie case of negligence.

15.     Accordingly, Moving Defendants respectfully request that the Court apply the doctrine of fraudulent joinder to properly disregard the citizenship of Keystone Redevelopment Partners, Inc. in considering whether diversity exists in the instant case.

16.     As noted above, absent Keystone Redevelopment Partners, Inc., the instant action is one in which this Court has original jurisdiction under 28 U.S.C. § 1332 based upon the fact that there exists diversity of citizenship between the legitimate parties to this action and the amount in controversy, according to Plaintiff's demand propounded on Defense Counsel, is in excess of $75,000.00, exclusive of interests and costs.

17.     Promptly after filing this Notice of Removal in this Honorable Court, a copy of this Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, in accordance with 28 United States Code, Section 1446(d).

18.     Copies of all process, pleadings and order served upon defendant as of the time of this removal are attached hereto in accordance with 28 United States Code, Section 1446(a).

19.     Defendants have contemporaneously with the filing of this Notice of Removal given written notice to Plaintiff's counsel.

**WHEREFORE**, Defendants respectfully request that this action, currently docketed in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

**MARKS, O'NEILL, O'BRIEN**
**& COURTNEY, P.C.**

By:___JEM3229_____
          Jerome E. Marks, Esquire
          Francis M. Flatch, Esquire
          Attorney I.D. Nos.: 21239/206088
          1800 JFK Boulevard, Suite 1900
          Philadelphia, Pa. 19103
          215-564-6688
          Attorneys for Trump Defendants

{PH415292.1}

## IN THE UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

063-88804

| | |
|---|---|
| THOMAS R. ANASTASIA AND ANNA MARIE ANASTASIA | CIVIL ACTION |
| vs. | NO. |
| TRUMP PLAZA ASSOCIATES, LLC, INDIVIDUAL AND D/B/A TRUMP PLAZA HOTEL AND CASINO, TRUMP ENTERTAINMENT RESORTS, INC., TRUMP ENTERTAINMENT RESORTS HOLDINGS, L.P., KEYSTONE REDEVELOPMENT PARTNERS, INC., TER MANAGEMENT CO., LLC, AND CHARLES WHITEHEAD A/K/A CARL TONY O'NEILL | |

### CERTIFICATE OF SERVICE

I hereby certify that this 11th   day of   **January**                    , **2011**, a true and correct copy of

the Defendants' Notice to Remove was served on all parties of record by electronic filing and/or first

class mail, postage prepaid.

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**

By:___ JEM3229_____
          Jerome E. Marks, Esquire
          Francis M. Flatch, Esquire
          Attorneys for Trump Defendants
          1800 JFK Boulevard, Suite 1900
          Philadelphia, Pa. 19103
          215-564-6688

{PH415292.1}

**EXHIBIT A**

JONATHAN M. COHEN, L.L.C.
By: Jonathan M. Cohen, Esquire
20 North Third Street, Fifth Floor
Philadelphia, PA 19106
215-592-4445 – Telephone
215-592-4080 – Facsimile
jonathan.cohen@jmcesq.com

Attorney for Plaintiffs 

---

THOMAS R. ANASTASIA and ANNA MARIE ANASTASIA, h/w
3168 So. Uber Street
Philadelphia, PA 19145
      vs.
TRUMP PLAZA ASSOCIATES, L.L.C
Individually and d/b/a TRUMP PLAZA
HOTEL AND CASINO
The Boardwalk at Mississippi Avenue
Atlantic City, NJ 08401
      and
TRUMP ENTERTAINMENT RESORTS, INC.
15 South Pennsylvania Avenue
Atlantic City, NJ 08401
      and

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA
TERM, 2010
NO.

JURY TRIAL DEMANDED

CONTINUED ON NEXT PAGE

## NOTICE TO DEFEND
### NEGLIGENCE – 2O – OTHER PERSONAL INJURY

| NOTICE | A VISO |
|---|---|
| **You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.** | **Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.** |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association Lawyer Referral and Information Service One Reading Center Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados De Filadelfia Servicio De Referencia E Informacion,**<br>**Legal One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**(215) 238-6333 TTY (215) 451-6197** |

Case ID: 101200571

TRUMP ENTERTAINMENT RESORTS   :
HOLDINGS, L.P.   :
15 South Pennsylvania Avenue   :
Atlantic City, NJ 08401   :

      and   :
KEYSTONE REDEVELOPMENT   :
PARTNERS, INC.   :
CT Corp Systems   :
116 Pine Street, Suite 320   :
Harrisburg, PA 17101   :
      and   :
TER MANAGEMENT CO., L.L.C.   :
Corporation Service Company   :
2711 Centerville Road, Suite 400   :
Wilmington, DE 19808   :
      and   :
CHARLES WHITEHEAD, a/k/a   :
CARL TONY O'NEILL   :
So. Georgia Avenue   :
Atlantic City, New Jersey 08401   :

Case ID: 101200571

### THE PARTIES

1.      Plaintiff, Thomas R. Anastasia, is an adult individual born on March 8, 1930, and resides in the Commonwealth of Pennsylvania at 3168 So. Uber Street, Philadelphia, PA 19145.

2.      Plaintiff, Anna Marie Anastasia, is an adult individual born on January 5, 1936 and resides in the Commonwealth of Pennsylvania at 3168 So. Huber Street, Philadelphia, PA 19145.

3.      At all times relevant hereto, Plaintiffs Thomas R. Anastasia and Anna Marie Anastasia were married and resided together at the above referenced address.

4.      At all times relevant hereto, Defendant Trump Plaza Associates, L.L.C., d/b/a Trump Plaza Hotel and Casino,[1] was a corporation, partnership or other jural entity that along with Defendants Trump Entertainment Resorts,  Inc., Trump Entertainment Resorts Holdings, L.P., Keystone Redevelopment Partners, Inc., and TER Management Co., L.L.C., owned, operated and/or managed a casino, hotel and/or resort known as Trump Plaza Hotel and Casino with a principal place of business located at Mississippi and The Boardwalk, Atlantic City, New Jersey 08401, and at all times relevant hereto acted by and through their employees and agents acting within the course and scope of their employment, and systematically and regularly conducted a substantial part of their regular business in Pennsylvania and Philadelphia.

5.      At all times relevant hereto, Defendant, Trump Entertainment Resorts, Inc., was a corporation, partnership or other jural entity that, along with Defendants

---

[1] In an attempt to lure customers to the casino, Defendant Trump Plaza Associates, L.L.C. d/b/a Trump Hotel and Casino has at all times relevant hereto, continually and regularly mailed multiple flyers and advertising media to its significant customer base in Philadelphia, including to Plaintiffs, inviting patrons to the casino in Atlantic City.

3

Trump Plaza Associates, L.L.C., d/b/a Trump Plaza Hotel and Casino, Trump

Entertainment Resorts Holdings, L.P., Keystone Redevelopment Partners, Inc., and TER

Management Co., L.L.C. owned, operated and/or managed a casino, hotel, and/or resort

known as Trump Plaza Hotel and Casino with a principal place of business located at

Mississippi and the Boardwalk, Atlantic City, New Jersey 08401, and at all times relevant

hereto acted by and through their employees and agents acting within the course and

scope of their employment, and systematically and regularly conducted a substantial part

of their regular business in Pennsylvania and Philadelphia.

6.     At all times relevant hereto, Defendant Trump Entertainment Resorts, Inc.,

was the parent company, affiliate, and/or subsidiary of Trump Entertainment Resorts,

Inc., and Trump Plaza Hotel and Casino and at all times relevant hereto, acted by and

through their employees and agents acting within the course and scope of their

employment.

7.     At all times relevant hereto, Defendant, Trump Entertainment Resorts,

Holdings, Inc., was a corporation, partnership or other jural entity that along with

Defendants Trump Plaza Associates, L.L.C., d/b/a Trump Plaza Hotel and Casino, Trump

Entertainment Resorts, Inc., Keystone Redevelopment Partners, Inc., and TER

Management Co., L.L.C., owned, operated, and/or managed a casino, hotel and/or a

resort known as Trump Plaza Hotel and Casino and was duly organized and existing

under the laws of the State of Delaware with a registered office located at 15 South

Pennsylvania Avenue, Atlantic City, New Jersey 08401, and at all times relevant hereto

acted by and through their employees and agents acting within the course and scope of

4

their employment, and systematically and regularly conducted a substantial part of their regular business in Pennsylvania and Philadelphia.

8.      At all times relevant hereto, Defendant Trump Entertainment Resorts Holdings, Inc., was the parent company, affiliate, and/or subsidiary of Trump Entertainment Resorts, Inc., and Trump Plaza Hotel and Casino and at all times relevant hereto, acted by and through their employees and agents acting within the course and scope of their employment.

9.      At all times relevant hereto, Defendant TER Management Co., L.L.C., was a corporation partnership or other jural entity that along with Defendants Trump Plaza Associates, L.L.C., d/b/a Trump Plaza Hotel and Casino, Trump Entertainment Resorts, Inc. Trump Entertainment Resorts Holdings, L.P., and Keystone Redevelopment Partners, Inc. owned, operated and/or managed a casino, hotel, and/or a resort known as Trump Plaza Hotel and Casino and was duly organized and existing under the laws of the State of Delaware with a registered office at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, and at all times relevant hereto acted by and through their employees and agents acting within the course and scope of their employment, and systematically and regularly conducted a substantial part of their regular business in Pennsylvania and Philadelphia.

10.     At all times relevant hereto, Defendant TER Management Co., L.L.C. was the parent company, affiliate, and/or subsidiary of Trump Entertainment Resorts, Inc.,   ·
and Trump Plaza Hotel and Casino and at all times relevant hereto, acted by and through their employees and agents acting within the course and scope of their employment.

Case ID: 101200571

11.     At all times relevant hereto, Defendant, Keystone Redevelopment Partners, L.L.P., was a corporation, partnership or other jural entity organized and existing under the laws of the Commonwealth of Pennsylvania with a registered business office located at CT Corporation Services, 116 Pine Street, Suite 320, Harrisburg, PA 17101, and at all times relevant hereto acted by and through their employees and agents acting within the course and scope of their employment, and systematically and regularly conducted a substantial part of their regular business in Pennsylvania and Philadelphia.

12.     At all times relevant hereto, Defendant Keystone Redevelopment Partners, L.L.P., was the parent company, affiliate, and/or subsidiary and/or indispensable subsidiary of Trump Entertainment Resorts, Inc., and Trump Plaza Associates, LL.C., d/b/a Trump Plaza Hotel and Casino and at all times relevant hereto, acted by and through their employees and agents acting within the course and scope of their employment.

13.     At all times relevant hereto, Defendant Charles Whitehead, a/k/a Carl Tony O'Neill (hereinafter referred to as "Defendant Whitehead") was an adult individual with a home address of So. Georgia Avenue, Atlantic City, New Jersey 08401 and is currently residing at 5060 Atlantic Avenue, Mays Landing 08330.

14.     Defendants, Trump Plaza Associates, L.L.C., d/b/a Trump Plaza Hotel and Casino, Trump Entertainment Resorts Holdings, L.P., Keystone Redevelopment Partners, Inc., and TER Management, Co., L.L.C. [hereinafter referred to collectively as "Trump

6

Defendants"] jointly partnered, developed, owned, controlled, operated and managed casinos and resort properties for public gaming and entertainment. [2]

15. By and through an indispensable subsidiary, Keystone Redevelopment Partners, Inc., and the Trump Defendants have engaged in substantial and continuous business in Philadelphia, Pennsylvania by filing for and litigating and/or arguing the propriety of being granted a casino license to operate a casino in Philadelphia, Pennsylvania. (See copy of newspaper articles attached hereto at Exhibit "A.")

16. At all times relevant hereto, Plaintiffs, Thomas R. Anastasia and Anna Marie Anastasia were business invitees and guests of Defendant Trump Plaza Hotel and Casino, and were lawfully on the premises.

17. All named Defendants are liable, jointly and severally, for the injuries and damages suffered by Plaintiff, Thomas R. Anastasia.

18. All named Defendants herein are vicariously liable to Plaintiffs for injuries sustained as a result of the negligence of persons or entities whose conduct was under their control, or right to control, and which conduct directly and proximately caused Plaintiff's injuries.

---

[2] The Trump Defendants, particularly including, but not limited to, Defendant Trump Plaza Associates, L.L.C., d/b/a Trump Plaza Hotel and Casino by and through its subsidiary and/or affiliate, Keystone Redevelopment Partners, LLP, recently filed for a casino license in Pennsylvania with the intention to build, maintain and operate another Trump casino, a casino in the Philadelphia area, and has argued and/or litigated for the propriety of the grant of this license in the Commonwealth of Pennsylvania, before a public body in the Commonwealth of Pennsylvania.

7

## OPERATIVE FACTS

19.     On July 26, 2010, Plaintiffs Thomas R. Anastasia and Anna Marie Anastasia were guests inside Defendant Trump Plaza Hotel and Casino, located at Mississippi Avenue & The Boardwalk.

20.     On July 26, 2010 at approximately 10:10 a.m., Plaintiff Thomas R. Anastasia (then 80 years of age) went into the public men's restroom facility of Defendant Trump Plaza Hotel and Casino.  There were no security guards posted outside or inside the men's restroom facility.

21.     While Plaintiff, Thomas R. Anastasia was in the men's restroom, he went into a toilet stall and locked it.

22.     After he was finished in the stall, Plaintiff, Thomas R. Anastasia opened the toilet stall door to exit.  Defendant Charles Whitehead who had a large metal knife pointed at Plaintiff's stomach and attacked Plaintiff and robbed him.

23.     Plaintiff, Thomas R. Anastasia was forced to defend himself by attempting to push Defendant Whitehead away grabbing at the knife.  Plaintiff Thomas R. Anastasia yelled for someone to help him, but no one came.

24.     Defendant Whitehead knocked Plaintiff, Thomas R. Anastasia to the ground, causing Plaintiff to strike his head against a tile floor, sustain a concussion and knock his teeth loose. Defendant Whitehead repeatedly kicked and wielded a knife at Plaintiff, Thomas R. Anastasia, breaking Plaintiff's right wrist and causing multiple lacerations of his right wrist and abdomen.

8

25.     Defendant Whitehead stole Plaintiff Thomas R. Anastasia's trousers, wallet and approximately $720 cash from him and fled the bathroom and Trump Plaza Hotel & Casino.

26.     Upon information and belief, the incident was captured on security cameras, although no security personnel were monitoring the camera for the subject bathroom at the time of the incident.

27.     Trump Defendants knew or should have known of the need to protect their guests from the dangerous, violent and high level of criminal activity in the area.

28.     As a result of the attack from assailant/Defendant Whitehead, Plaintiff, Thomas R. Anastasia was taken to the emergency room of AtlantiCare Regional Medical Center by ambulance where he was admitted and remained for approximately ten (10) days and was later transferred to a rehabilitation facility for approximately three (3) more weeks.

29.     As a result of the negligence and wrongful conduct of all defendants as set forth herein, Plaintiff, Thomas R. Anastasia was caused to suffer severe, permanent damages, including, but not limited to:

a)      a concussion;

b)      multiple fractured ribs;

c)      fracture of the right wrist which required surgical intervention and placement of hardware;

d)      multiple lacerations of the hands and abdomen;

e)      diminished capacity to ambulate;

f)      past and future anxiety of leaving his home;

Case ID: 101200571

g)     past and future pain and suffering;

h)     past and future mental anguish;

i)      past and future humiliation;

j)      past and future embarrassment;

k)     past and future loss of life's pleasures; and

l)      past and future emotional distress.

30.     The injuries, damages, and losses sustained by Plaintiff, Thomas R.
Anastasia were in no way caused by Plaintiff, but were caused solely by the conduct of
the Defendants as set forth herein.

## COUNT I - ASSAULT
Plaintiffs Thomas R. Anastasia and Anne Marie Anastasia v. Charles Whitehead, a/k/a
Carl Tony O'Neill

31.     The preceding paragraphs are incorporated by reference as though full set
forth herein.

32.     Plaintiff, Thomas R. Anastasia was a guest at the Trump Plaza Hotel &
Casino on July 26, 2010.  Upon entering the men's bathroom on the evening of July 26,
2010, Plaintiff, Thomas R. Anastasia was physically attacked with a knife, beaten and
severely injured by Defendant Charles Whitehead, a/k/a/ Carl Tony O'Neill.

33.     Defendant Charles Whitehead a/k/a Carl Tony O'Neill acted with the
intent and capability to cause great bodily harm to Plaintiff Thomas R. Anastasia.

34.     Defendant Charles Whitehead a/k/a Carl Tony O'Neill's conduct was
perpetrated with actual malice.

Case ID: 101200571

35.     Defendant Charles Whitehead a/k/a Carl Tony O'Neill's actions caused Plaintiff Thomas R. Anastasia to be put in reasonable apprehension of an imminent battery.

36.     As a result of Defendant Charles Whitehead a/k/a Carl Tony O'Neill's conduct and actions, Plaintiff Thomas R. Anastasia has suffered and will continue to suffer severe mental anguish, emotional distress, humiliation, embarrassment, medical and other related expenses.

WHEREFORE, Plaintiffs, Thomas R. Anastasia and Anna Marie Anastasia demand judgment against Defendants, jointly and/or severally, for compensatory and punitive damages, exclusive of pre-judgment interest, costs, and post-judgment interest in excess of the local arbitration limits of Fifty Thousand ($50,000.00) Dollars.

COUNT II – BATTERY

Plaintiffs Thomas R. Anastasia and Anne Marie Anastasia v. Charles Whitehead, a/k/a Carl Tony O'Neill

37.     The preceding paragraphs are incorporated by reference as though full set forth herein.

38.     Plaintiff, Thomas R. Anastasia was a guest at the Trump Plaza Hotel & Casino on July 26, 2010. Upon entering the men's bathroom on the evening of July 26, 2010, Plaintiff, Thomas R. Anastasia was physically attacked with a knife, beaten and severely injured by Defendant Charles Whitehead, a/k/a/ Carl Tony O'Neill.

39.     Defendant Charles Whitehead a/k/a Carl Tony O'Neill's conduct constituted intentional physical battery upon Plaintiff Thomas R. Anastasia and was undertaken deliberately and with actual malice.

11

40.     As a result of Defendant Charles Whitehead a/k/a Carl Tony O'Neill's conduct and actions, Plaintiff Thomas R. Anastasia suffered substantial damages, including, but not limited to, extreme pain and suffering, a concussion, multiple fractured ribs, lacerations of the right wrist which required surgical intervention and placement of hardware, diminished capacity to ambulate, severe mental anguish, emotional distress, humiliation, embarrassment, medical and other related expenses.

WHEREFORE, Plaintiffs, Thomas R. Anastasia and Anna Marie Anastasia demand judgment against Defendants, jointly and/or severally, for compensatory and punitive damages, exclusive of pre-judgment interest, costs, and post-judgment interest in excess of the local arbitration limits of Fifty Thousand ($50,000.00) Dollars.

COUNT  III
Plaintiffs Thomas R. Anastasia and Anna Marie Anastasia v. Trump Plaza Associates,
L.L.C., d/b/a Trump  Plaza Casino & Hotel

41.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

42.     The negligence of Defendants Trump Plaza Associates, L.L.C., d/b/a Trump Plaza Hotel and Casino by and through its agents, servants, employees, and/or workmen, consists of, among other things, the following:

   a.     Failure to take reasonable safety and security measures to ensure the safety and well being of its guests such as Plaintiff, Thomas R. Anastasia;

   b.     Failure to take reasonable measures to protect its guests such as Plaintiff Thomas R. Anastasia against violent crimes and/or harm from third persons;

   c.     Failure to take reasonable measures against foreseeable criminal attacks on the premises (in consideration of the

12

Case ID: 101200571

history of crime on the premises) and high level of dangerous and criminal activity in the area;

d.  Failure to take reasonable measures to have security personnel to routinely inspect and patrol the premises for possible dangerous, uninvited persons or dangerous conditions as to avoid risk of harm to invitees such as Plaintiff;

e.  Failure to properly train its agents, employees, and/or workmen, in security procedures and measures;

f.  Failure to provide properly trained security personnel in the common areas of the casino where an attack is most likely to occur, including where Plaintiff was attacked;

g.  Failure to provide appropriate and adequate security personnel in the common areas of the casino where an attack is most likely to occur, including where Plaintiff was attacked;

h.  Failure to take reasonable measures to prevent a violent attack against its guests;

i.  Failure to take reasonable measures to prevent known criminals from entering the casino;

j.  Failure to take reasonable measures to prevent individuals from carrying dangerous weapons within the casino;

k.  Failure to take reasonable measures to prevent reasonably foreseeable crime from occurring;

l.  Failure to take reasonable measures to prevent individuals from loitering in common areas;

m.  Failure to select and maintain competent security personnel;

n.  Failure to formulate, adopt and enforce adequate rules and policies to ensure the safety of its guests;

o.  Failure to warn its guests, including Plaintiff if the high probability of being unsafe due to the dangerous, violent and high level of crime; and

p.  other acts or omissions constituting negligence as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.

13

43.     As a direct and proximate result of the negligence, carelessness and recklessness of Defendants Trump Plaza Associates, L.L.C., d/b/a Trump Plaza Hotel and Casino by and through its agents, servants, employees, and/or workmen, Plaintiff, Thomas R. Anastasia was severely and permanently injured.

44.     As a direct and proximate result of the negligence of Defendants Trump Plaza Associates, L.L.C., d/b/a Trump Plaza Hotel and Casino, by and through its agents, servants, employees and/or workmen, Plaintiff, Thomas R. Anastasia has suffered, severe pain, suffering, humiliation, embarrassment, mental anguish and inconvenience, and will continue to do so for an indefinite amount of time into the future,.

45.     As a direct and proximate result of the negligence of Defendants Trump Plaza Associates, L.L.C., d/b/a Trump Plaza Hotel and Casino, its agents, servants, employees, and/or workmen, Plaintiff, Thomas R. Anastasia, has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an indefinite amount of time into the future, all to his great detriment and loss.

WHEREFORE, Plaintiffs, Thomas R. Anastasia and Anna Marie Anastasia demand judgment against Defendants, jointly and/or severally, for compensatory and punitive damages, exclusive of pre-judgment interest, costs, and post-judgment interest in excess of the local arbitration limits of Fifty Thousand ($50,000.00) Dollars.

## COUNT IV
Plaintiffs Thomas R. Anastasia and Anna Marie Anastasia v. Trump Entertainment Resorts, Inc.

46.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

14

47.     The negligence of Defendants Trump Entertainment Resorts, Inc. by and through its agents, servants, employees, and/or workmen, consists of, among other things, the following:

a.      Failure to take reasonable safety and security measures to ensure the safety and well being of its guests such as Plaintiff, Thomas R. Anastasia;

b.      Failure to take reasonable measures to protect its guests such as Plaintiff Thomas R. Anastasia against violent crimes and/or harm from third persons;

c.      Failure to take reasonable measures against foreseeable criminal attacks on the premises (in consideration of the history of crime on the premises) and high level of dangerous and criminal activity in the area;

d.      Failure to take reasonable measures to have security personnel to routinely inspect and patrol the premises for possible dangerous, uninvited persons or dangerous conditions as to avoid risk of harm to invitees such as Plaintiff;

e.      Failure to properly train its agents, employees, and/or workmen, in security procedures and measures;

f.      Failure to provide properly trained security personnel in the common areas of the casino where an attack is most likely to occur, including where Plaintiff was attacked;

g.      Failure to provide appropriate and adequate security personnel in the common areas of the casino where an attack is most likely to occur, including where Plaintiff was attacked;

h.      Failure to take reasonable measures to prevent a violent attack against its guests;

i.      Failure to take reasonable measures to prevent known criminals from entering the casino;

j.      Failure to take reasonable measures to prevent individuals from carrying dangerous weapons within the casino;

k.      Failure to take reasonable measures to prevent reasonably foreseeable crime from occurring;

15

l.   Failure to take reasonable measures to prevent individuals from loitering in common areas;

m.   Failure to select and maintain competent security personnel;

n.   Failure to formulate, adopt and enforce adequate rules and policies to ensure the safety of its guests;

o.   Failure to warn its guests, including Plaintiff if the high probability of being unsafe due to the dangerous, violent and high level of crime; and

p.   other acts or omissions constituting negligence as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.

48.   As a direct and proximate result of the negligence, carelessness and recklessness of Defendants Trump Entertainment Resorts, Inc., by and through its agents, servants, employees, and/or workmen, Plaintiff, Thomas R. Anastasia was severely and permanently injured.

49.   As a direct and proximate result of the negligence of Defendants Trump Entertainment Resorts, Inc., by and through its agents, servants, employees and/or workmen, Plaintiff, Thomas R. Anastasia has suffered, severe pain, suffering, humiliation, embarrassment, mental anguish and inconvenience, and will continue to do so for an indefinite amount of time into the future,.

50.   As a direct and proximate result of the negligence of Defendants Trump Entertainment Resorts, Inc. its agents, servants, employees, and/or workmen, Plaintiff, Thomas R. Anastasia, has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an indefinite amount of time into the future, all to his great detriment and loss.

16

WHEREFORE, Plaintiffs, Thomas R. Anastasia and Anna Marie Anastasia demand judgment against Defendants, jointly and/or severally, for compensatory and punitive damages, exclusive of pre-judgment interest, costs, and post-judgment interest in excess of the local arbitration limits of Fifty Thousand ($50,000.00) Dollars.

## COUNT V
### Plaintiffs Thomas R. Anastasia and Anna Marie Anastasia v. Defendant Trump Entertainment Resorts Holdings, L.P.

51.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

52.     The negligence of Defendants Trump Entertainment Resorts Holdings, L.P., by and through its agents, servants, employees, and/or workmen, consists of, among other things, the following:

a.    Failure to take reasonable safety and security measures to ensure the safety and well being of its guests such as Plaintiff, Thomas R. Anastasia;

b.    Failure to take reasonable measures to protect its guests such as Plaintiff Thomas R. Anastasia against violent crimes and/or harm from third persons;

c.    Failure to take reasonable measures against foreseeable criminal attacks on the premises (in consideration of the history of crime on the premises) and high level of dangerous and criminal activity in the area;

d.    Failure to take reasonable measures to have security personnel to routinely inspect and patrol the premises for possible dangerous, uninvited persons or dangerous conditions as to avoid risk of harm to invitees such as Plaintiff;

e.    Failure to properly train its agents, employees, and/or workmen, in security procedures and measures;

Case ID: 101200571

f.    Failure to provide properly trained security personnel in the common areas of the casino where an attack is most likely to occur, including where Plaintiff was attacked;

g.    Failure to provide appropriate and adequate security personnel in the common areas of the casino where an attack is most likely to occur, including where Plaintiff was attacked;

h.    Failure to take reasonable measures to prevent a violent attack against its guests;

i.    Failure to take reasonable measures to prevent known criminals from entering the casino;

j.    Failure to take reasonable measures to prevent individuals from carrying dangerous weapons within the casino;

k.    Failure to take reasonable measures to prevent reasonably foreseeable crime from occurring;

l.    Failure to take reasonable measures to prevent individuals from loitering in common areas;

m.    Failure to select and maintain competent security personnel;

n.    Failure to formulate, adopt and enforce adequate rules and policies to ensure the safety of its guests;

o.    Failure to warn its guests, including Plaintiff if the high probability of being unsafe due to the dangerous, violent and high level of crime; and

p.    other acts or omissions constituting negligence as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.

53.    As a direct and proximate result of the negligence, carelessness and recklessness of Defendant Trump Entertainment Resorts Holdings, L.P., by and through its agents, servants, employees, and/or workmen, Plaintiff, Thomas R. Anastasia was severely and permanently injured.

Case ID: 101200571

54.    As a direct and proximate result of the negligence of Defendant Trump Entertainment Resorts Holdings, L.P., by and through its agents, servants, employees and/or workmen, Plaintiff, Thomas R. Anastasia has suffered, severe pain, suffering, humiliation, embarrassment, mental anguish and inconvenience, and will continue to do so for an indefinite amount of time into the future.

55.    As a direct and proximate result of the negligence of Defendant Trump Entertainment Resorts Holdings, L.P., its agents, servants, employees, and/or workmen, Plaintiff, Thomas R. Anastasia, has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an indefinite amount of time into the future, all to his great detriment and loss.

WHEREFORE, Plaintiffs, Thomas R. Anastasia and Anna Maria Anastasia demand judgment against Defendants, jointly and/or severally, for compensatory and punitive damages, exclusive of pre-judgment interest, costs, and post-judgment interest in excess of the local arbitration limits of Fifty Thousand ($50,000.00) Dollars.

## COUNT VI
Plaintiffs Thomas R. Anastasia and Anna Marie Anastasia v. Defendant TER Management Co., L.L.C.

56.    The preceding paragraphs are incorporated by reference as though fully set forth herein.

57.    The negligence of Defendants TER Management Co., L.L.C., by and through its agents, servants, employees, and/or workmen, consists of, among other things, the following:

   a.    Failure to take reasonable safety and security measures to ensure the safety and well being of its guests such as Plaintiff, Thomas R. Anastasia;

19

Case ID: 101200571

b.   Failure to take reasonable measures to protect its guests such as Plaintiff Thomas R. Anastasia against violent crimes and/or harm from third persons;

c.   Failure to take reasonable measures against foreseeable criminal attacks on the premises (in consideration of the history of crime on the premises) and high level of dangerous and criminal activity in the area;

d.   Failure to take reasonable measures to have security personnel to routinely inspect and patrol the premises for possible dangerous, uninvited persons or dangerous conditions as to avoid risk of harm to invitees such as Plaintiff;

e.   Failure to properly train its agents, employees, and/or workmen, in security procedures and measures;

f.   Failure to provide properly trained security personnel in the common areas of the casino where an attack is most likely to occur, including where Plaintiff was attacked;

g.   Failure to provide appropriate and adequate security personnel in the common areas of the casino where an attack is most likely to occur, including where Plaintiff was attacked;

h.   Failure to take reasonable measures to prevent a violent attack against its guests;

i.   Failure to take reasonable measures to prevent known criminals from entering the casino;

j.   Failure to take reasonable measures to prevent individuals from carrying dangerous weapons within the casino;

k.   Failure to take reasonable measures to prevent reasonably foreseeable crime from occurring;

l.   Failure to take reasonable measures to prevent individuals from loitering in common areas;

m.   Failure to select and maintain competent security personnel;

n.   Failure to formulate, adopt and enforce adequate rules and policies to ensure the safety of its guests;

20

o.      Failure to warn its guests, including Plaintiff if the high probability of being unsafe due to the dangerous, violent and high level of crime; and

p.      other acts or omissions constituting negligence as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.

58.      As a direct and proximate result of the negligence, carelessness and recklessness of Defendant TER Management Co., L.L.C., by and through its agents, servants, employees, and/or workmen, Plaintiff, Thomas R. Anastasia was severely and permanently injured.

59.      As a direct and proximate result of the negligence of Defendant TER Management Co., L.L.C., by and through its agents, servants, employees and/or workmen, Plaintiff, Thomas R. Anastasia has suffered, severe pain, suffering, humiliation, embarrassment, mental anguish and inconvenience, and will continue to do so for an indefinite amount of time into the future,.

60.      As a direct and proximate result of the negligence of Defendant TER Management Co., L.L.C., its agents, servants, employees, and/or workmen, Plaintiff, Thomas R. Anastasia, has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an indefinite amount of time into the future, all to his great detriment and loss.

**WHEREFORE**, Plaintiffs, Thomas R. Anastasia and Anna Maria Anastasia demand judgment against Defendants, jointly and/or severally, for compensatory and punitive damages, exclusive of pre-judgment interest, costs, and post-judgment interest in excess of the local arbitration limits of Fifty Thousand ($50,000.00) Dollars.

COUNT VII

21

Case ID: 101200571

Plaintiffs Thomas R. Anastasia and Anna Marie Anastasia v. Defendant Keystone
Redevelopment Partners, L.L.C.

61.     The preceding paragraphs are incorporated by reference as though fully set

forth herein.

62.     The negligence of Defendant Keystone Redevelopment Partner, L.L.C., by

and through its agents, servants, employees, and/or workmen, consists of, among other

things, the following:

      a.    Failure to take reasonable safety and security measures to
ensure the safety and well being of its guests such as Plaintiff,
Thomas R. Anastasia;

      b.    Failure to take reasonable measures to protect its guests such
as Plaintiff Thomas R. Anastasia against violent crimes and/or
harm from third persons;

      c.    Failure to take reasonable measures against foreseeable
criminal attacks on the premises (in consideration of the
history of crime on the premises) and high level of dangerous
and criminal activity in the area;

      d.    Failure to take reasonable measures to have security personnel
to routinely inspect and patrol the premises for possible
dangerous, uninvited persons or dangerous conditions as to
avoid risk of harm to invitees such as Plaintiff;

      e.    Failure to properly train its agents, employees, and/or workmen,
in security procedures and measures;

      f.    Failure to provide properly trained security personnel in the
common areas of the casino where an attack is most likely to
occur, including where Plaintiff was attacked;

      g.    Failure to provide appropriate and adequate security
personnel in the common areas of the casino where an attack
is most likely to occur, including where Plaintiff was attacked;

      h.    Failure to take reasonable measures to prevent a violent attack
against its guests;

      i.    Failure to take reasonable measures to prevent known

22

Case ID: 101200571

criminals from entering the casino;

j.　　Failure to take reasonable measures to prevent individuals from carrying dangerous weapons within the casino;

k.　　Failure to take reasonable measures to prevent reasonably foreseeable crime from occurring;

l.　　Failure to take reasonable measures to prevent individuals from loitering in common areas;

m.　　Failure to select and maintain competent security personnel;

n.　　Failure to formulate, adopt and enforce adequate rules and policies to ensure the safety of its guests;

o.　　Failure to warn its guests, including Plaintiff if the high probability of being unsafe due to the dangerous, violent and high level of crime; and

p.　　other acts or omissions constituting negligence as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.

63.　　As a direct and proximate result of the negligence, carelessness and recklessness of Defendant Keystone Redevelopment Partners, L.L.C., by and through its agents, servants, employees, and/or workmen, Plaintiff, Thomas R. Anastasia was severely and permanently injured.

64.　　As a direct and proximate result of the negligence of Defendant Keystone Redevelopment Partners, L.L.C., by and through its agents, servants, employees and/or workmen, Plaintiff, Thomas R. Anastasia has suffered, severe pain, suffering, humiliation, embarrassment, mental anguish and inconvenience, and will continue to do so for an indefinite amount of time into the future,.

65.　　As a direct and proximate result of the negligence of Defendant Keystone Redevelopment Partners, L.L.C., its agents, servants, employees, and/or workmen,

Case ID: 101200571

Plaintiff, Thomas R. Anastasia, has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an indefinite amount of time into the future, all to his great detriment and loss.

WHEREFORE, Plaintiffs, Thomas R. Anastasia and Anna Maria Anastasia demand judgment against Defendants, jointly and/or severally, for compensatory and punitive damages, exclusive of pre-judgment interest, costs, and post-judgment interest in excess of the local arbitration limits of Fifty Thousand ($50,000.00) Dollars.

## COUNT VIII
Plaintiff, Anna Marie Anastasia v. Trump Plaza Associates, L.L.C., d/b/a Trump  Plaza Hotel & Casino and Trump Entertainment Resorts, Inc., and Trump Entertainment Resorts Holdings, L.P., and TER Management Co., L.L.C., and Keystone Redevelopment Partners, L.L.C.

66.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

67.     As a proximate result of the injuries and losses sustained by her husband/spouse, Plaintiff, Anna Marie Anastasia, has been and will continue to be deprived of his love, companionship, affection, society, consortium, comfort, marital relations, services and support which she previously received.

WHEREFORE, Plaintiffs, Thomas R. Anastasia and Anna Marie Anastasia demand judgment against Defendants, jointly and/or severally, for compensatory and

24

punitive damages, exclusive of pre-judgment interest, costs, and post-judgment interest in excess of the local arbitration limits of Fifty Thousand ($50,000.00) Dollars.

JONATHAN M. COHEN, L.L.C

_____
JONATHAN M. COHEN, ESQUIRE
Attorney for Plaintiffs
Thomas R. Anastasia & Anna Marie Anastasia

Date: 12-7-10

25

## **VERIFICATION**

Plaintiff, Thomas R. Anastasia, hereby verifies that the averments set forth in the within Civil Action Complaint are based on first-hand information furnished to and by my counsel and obtained by him in the course of investigating this lawsuit. Some of the language of this document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

**THOMAS R. ANASTASIA**

## VERIFICATION

Plaintiff, Anna Maria Anastasia, hereby verifies that the averments set forth in the within Civil Action Complaint are based on first-hand information furnished to and by my counsel and obtained by him in the course of investigating this lawsuit. Some of the language of this document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

*Anna Marie Anastasia*
**ANNA MARIA ANASTASIA**

Case ID: 101200571

EXHIBIT "A"



Close Window          Print Now

bookmark this

On Twitter @hotelinteractiv

## PA Commonwealth Court Rules In Favor Of Gaming Control Board And Denies Trump Effort To Get Foxwoods License
Monday, September 20, 2010

The Pennsylvania Commonwealth Court issued an opinion on Thursday which rejected claims by one of the losing applicants for a Philadelphia casino license that it had a right to intervene in Gaming Control Board proceedings relating to the Foxwoods casino project in that city.

In rejecting claims by Keystone Redevelopment Partners, led by investor Donald Trump and Trump Entertainment, Commonwealth Court thereby affirmatively recognized that the Gaming Control Board has the broad discretion over the licensing of casinos.

Keystone was one of five applicants for the two available Category 2 slot machine licenses in the City of Philadelphia in 2006. The Board, on December 20, 2006, awarded the licenses to HSP Sugarhouse and Philadelphia Entertainment and Development Partners/Foxwoods, while at the same time denying the applications of Keystone and two other applicants. Another applicant denied a license, Riverwalk Casino, appealed the matter to the Pennsylvania Supreme Court (see Riverwalk Casino v. PGCB, 592 Pa. 505, 926 A.2d 926 - 2007), Keystone Redevelopment Partners did not.

Nonetheless, Keystone petitioned the Board with a request to intervene more than two years after the Board's initial decisions by attempting to interject itself in licensing matters relating to the Foxwoods project and that licensee's request for an extension of time to commence operation of slot machines.

In addition, Keystone also filed a second petition to reopen the 2006 licensing proceedings and to revoke the license issued to Foxwoods asserting that it was now entitled to the slot machine license based upon the Board's 2006 determination.

The Board denied Keystone's requested relief and issued three separate orders, each of which held that Keystone lacked standing and other authority to seek or obtain the relief requested. Keystone then appealed each of the Board's Orders to Commonwealth Court.

In its ruling, available on the Gaming Control Board's web site at this link, the Court held that by not appealing the denial of its application more than two years ago, any interest that Keystone might otherwise have had ceased and its status as an applicant terminated. Moreover, the Court found that Keystone had mischaracterized the Board's prior holding and that Keystone was not otherwise entitled to the license.

"The Commonwealth Court's decision confirms what the Board has stated all along -- Keystone is just a disappointed applicant that lost in the competitive process for a license nearly four years ago," said Gaming Control Board Chief Counsel Doug Sherman. "We hope that the matter is now settled and Keystone will not continue an effort to inhibit the development of gaming in Philadelphia and the creation of jobs and revenues which will flow from that process."

In addition to the standing analysis, the Court affirmed that only the Board, upon recommendation from the Board's Office of Enforcement Counsel (OEC) and the Board's Bureau of Investigation and Enforcement (BIE), has the regulatory authority to revoke a license. It further noted that nothing in the Gaming Act or the Board's Regulations authorizes Keystone to act as a prosecutor to revoke a license. Instead, the sole discretionary authority to bring enforcement actions is in OEC and BIE.

**About the Pennsylvania Gaming Control Board**

Case ID: 101200571

The Pennsylvania Gaming Control Board was established in 2004 with the passage of Act 71, also known as the Race Horse Development and Gaming Act. Pennsylvania's first new state agency in nearly 40 years, the Gaming Control Board is tasked to oversee all aspects of the state's casino industry. To date, with nine of a maximum fourteen casinos in operation, legalized gaming in the Commonwealth has created over 8,000 new living wage jobs, revenue that has provided property tax reduction in each of the past three years for all homeowners, funds that have reinvigorated Pennsylvania's horse racing industry, and new revenue to local governments that has funded scores of community projects. A wealth of information about the Gaming Control Board and Pennsylvania's gaming industry can be found at www.pgcb.state.pa.us. At this web site, visitors can view videos of Board meetings and the operation of the PGCB, obtain information on identifying a gambling problem and gaining assistance, look up future meeting schedules and past meeting transcripts, access an interactive map of casino locations, request a speaker for their group, along with much more information

## Gaming

Follow us on Twitter @hotelinteractiv

This Was Printed From Philadelphia Business Journal

# Trump group's 2nd try for slots license refused

**Philadelphia Business Journal - by Peter Van Allen**

Date: Monday, September 20, 2010, 9:06am EDT - Last Modified: Tuesday, September 21, 2010, 4:13am EDT

A Pennsylvania court has refused an attempt by Donald Trump to reopen licensing proceedings for a casino in Philadelphia.

Trump and Trump Entertainment had sought one of the two slots licenses in Philadelphia — licenses that went to the developer of the SugarHouse Casino, which will open Sept. 23, and Foxwoods Philadelphia Casino, whose development plans have stalled.

Trump's investor team, Keystone Redevelopment Partners, was one of three bidders denied a license in 2006.

Two years after the ruling, reacting to delays on the Foxwoods project, the Trump team sought to intervene in licensing matters related to the Foxwoods, the state Gaming Control Board said.

In an opinion issued Thursday, Pennsylvania Commonwealth Court rejected the investor group's claim, affirming that the Gaming Control Board has the broad discretion over the licensing of casinos.

The court said the Trump team's status as an applicant had terminated.

"The Commonwealth Court's decision confirms what the board has stated all along — Keystone is just a disappointed applicant that lost in the competitive process for a license nearly four years ago," said Gaming Control Board chief counsel Doug Sherman. "We hope that the matter is now settled and Keystone will not continue an effort to inhibit the development of gaming in Philadelphia and the creation of jobs and revenues which will flow from that process."

Case ID: 101200571



**Get FREE VIPaccess**
when you subscribe to GamingToday paper

Email
••••••••
Forgot Your Password?

LOGIN
Register Now

HOME    RACE / SPORTS    CASINO GAMES    INDUSTRY    COLUMNIST    3 GIRL

HOT STORIES                         Entertain Vegas                         MORE

## ARTICLE

## TRUMP FAILS TO PRY LOOSE PHILLY CASINO LICENSE

☐ SHARE

September 18, 2010 6:54 AM by Staff & Wire Reports

An investor group led by Donald Trump's casino company failed in its latest attempt to get a state-awarded casino license in Philadelphia.

Commonwealth Court on Thursday rejected a lawsuit Trump's group filed against the Pennsylvania Gaming Control Board.

Trump had asked the court to overturn various orders by the gaming board.

The orders allowed an investor group led by the owners of the Connecticut casino, Foxwoods, to keep the Philadelphia license, even though they don't have the money to build a casino right now.

The Foxwoods-led group originally won the license in 2006, beating out the Trump group. A Trump Entertainment Resorts spokeswoman didn't immediately return a call seeking comment Friday evening.

A federal lawsuit by the Trump group is pending.

**Tags** | Donald Trump Connecticut Foxwoods Resort Casino Philadelphia Trump Entertainment Resorts Pennsylvania Gaming Control Board



**Get Gaming Today Mailed Direct to You Plus ... VIP access to GamingToday Subscribe today!**

## TOP STORIES


**Hard Rock Casino proposal: Create l...**
LAKE CHARLES, LA. — A proposed Hard Rock Casino in Lake Charles would be built partly on land that doesn't yet exist.

READ MORE


**Reid pushes bill to allow for onlin...**
Senate Majority Leader Harry Reid is pushing behind the scenes for language legislation that would allow poker games over the internet but restrict initial licenses to casinos and racetrack operators that have been in businesses at least five years.

READ MORE


**Isle of Capri Casinos loses money l...**
Isle of Capri Casinos Inc. (ISLE) said Thursday it lost $1 million in its fiscal second quarter partly because of higher interest expense.

READ MORE


**250 employees laid off at Trump Atl...**
Trump Entertainment Resorts Inc. has laid off about 250 employees at its Atlantic City casinos.

READ MORE


**Casino operators in Macau see share...**
Shares of casino operators with properties in Macau climbed Wednesday as new figures revealed gaming revenue rose 42 percent in the Chinese enclave in November.

READ MORE

**NFL & NCAA Football**
Subscribe for Picks and Analysis

Easiest Poker Sites
Top Online Casino Directory
Play Free Video Poker
Find out More: GamingToday's Bookies Battle

Case ID: 101200571







HOME

SERVICES

NEWS

CALENDAR

RESOURCES

CONTACT

JOB BANK

DIRECTORY

LOGIN

NEWS:

**At Phila. slots hearing, a parting on the river**
Donald Trump said two casinos there would be a crowd. Don't bet on it, countered Foxwoods.
*Philadelphia Inquirer, November 15, 2006*
*By Jeff Shields*

**HARRISBURG -** Can Philadelphia's riverfront handle two casinos?

Donald Trump says it would be a traffic nightmare.

"If two facilities go on the waterfront, that is going to be, in my opinion, devastation," he said at a hearing before the Pennsylvania Gaming Control Board yesterday.

Trump has his own reason for that opinion: His partnership, Keystone Redevelopment Partners, is the only one of five applicants for two city licenses that would not put a casino on the Delaware River.

His project, called TrumpStreet, would be in North Philadelphia.

Trump's competitors, needless to say, disagree with his analysis.

Two casinos on the Delaware "will anchor redevelopment and spur economic activity," said Gary Armentrout, a Foxwoods executive who also appeared yesterday during the board's second day of hearings. His firm wants to operate on Columbus Boulevard in South Philadelphia.

Armentrout added that Foxwoods would pay for road improvements that would alleviate traffic.
The city's Gaming Advisory Task Force has recommended one casino on the river and one in the area where Trump would locate. Others have advocated putting both on the river to fuel development there.
Armentrout said Foxwoods would be a logical choice for a riverfront license because it was away from other proposed locations to the north.

TrumpStreet representatives said having one casino near Philadelphia's wealthy western suburbs and one on the river would generate more than $50 million annually in state tax revenue than a combination of two casinos on the river.

Trump's Keystone Redevelopment Partners include former 76ers owner Pat Croce and Brian P. Tierney, The Inquirer's publisher and chief executive officer of Philadelphia Media Holdings.

Foxwoods and Trump also presented commitments to pay for community benefits that their rivals - the Riverwalk, SugarHouse and Pinnacle Casinos - have yet to duplicate.

Foxwoods said 42 percent of its profit would go to charitable causes.

That is the proportion of the project controlled by Comcast-Spectacor chairman Ed Snider and two family foundations, one controlled by the family of developer Ron Rubin and the other by Melissa Silver, who is the daughter of Camden entrepreneur Lewis Katz. Their share of the proceeds must be devoted to nonprofit organizations, according to the partnership contract.

The structure is not an elaborate tax shelter for its creators, representatives said.

"There's no personal economic benefit to any of these three families," said A.J. Agarwal, trustee for the Silver Family Foundation.

Foxwoods, the corporate arm of the Mashantucket Pequot Tribal Nation, touted the success of its casino in Uncasville, Conn. The Foxwoods Philadelphia Casino would not be distracted by any property in Atlantic City, company officials said. It does not have a casino in New Jersey, and its Connecticut facility is not considered a competitor for Pennsylvania gamblers, they said.

Trump executives argued that the city location would attract area residents or travelers in town for other reasons, while Atlantic City draws vacationers.

Case ID: 101200571

Trump has signed an agreement with a variety of neighborhood and business groups that promises $2.5 million upfront to a community foundation that would then receive $1 million a year for youth recreation, sidewalk improvements, and senior-citizen programs.

It would also direct $1.5 million annually to school improvements and scholarships, and promises 75 percent of the casino's jobs to local residents.

"These are good enough reasons for us, the residents of Tioga, to strongly support the Trump proposal," said Verna Tyner, treasurer of Tioga United, one of the signatories.

Trump's agreement has split the neighborhood. The Multi-Community Alliance, which includes the neighborhood organizations surrounding the TrumpStreet project in East Falls and Nicetown, was not a party to the agreement.

The alliance's spokesman, Irv Ackelsberg, said he was "shaken" that TrumpStreet could present the image of a supportive community.

"That's not the community," he said. "They got what they wanted - they got to put out that image that they're going to bring prosperity to a neighborhood, but it has no relationship with reality."

The final Philadelphia applicant, Pinnacle Entertainment, is scheduled for a hearing today.

**Up for Scrutiny**
The five applicants for two Philadelphia slots casino licenses appear before the state Gaming Control Board this week. Yesterday's session, the second of three hearings, featured the applicants below. A decision is expected in December.

**Foxwoods Casino Philadelphia**
**Developer and operator:** Philadelphia Entertainment & Development Partners L.P.; Foxwoods Development L.L.C.
**Notable investors:** Music industry impresario Quincy Jones, Comcast-Spectacor chairman Ed Snider, 76ers president Billy King, former Phillie Garry Maddox, developer Ronald Rubin's Rubin Family Trust.
**Location:** Columbus Boulevard north of Home Depot and Target; 30 acres.
**Cost:** $410 million
**Jobs:** 950
**City tax revenue:** $14.5 million
**State tax revenue:** $185.6 million
**Estimated annual gross gambling revenue:** $365 million
**Annual visitors:** 5.8 million
**Description:** By November 2008, there would be 3,000 slot machines, restaurants, shops, a 2,000-seat entertainment venue, and a 4,200-car garage.

**TrumpStreet**
**Developer or partnership:** Keystone Redevelopment Partners L.L.C.
**Casino operator:** Trump Entertainment Resorts
**Notable investors:** Donald Trump; Brian P. Tierney, publisher of The Inquirer and chief executive officer of Philadelphia Media Holdings; Chickie's & Pete's restaurant owner Pete Ciarrocchi; members of the R&B group Boyz II Men.
**Location:** The former Budd plant site, West Roberts Avenue and Fox Street, Nicetown/East Falls; 30 acres.
**Cost:** $300 million
**Jobs:** 905
**City tax revenue:** $35.73 million
**State tax revenue:** $196.3 million
**Annual gross gambling revenue:** $369 million
**Annual visitors:** 5.8 million
**Description:** It is projected to open with 3,000 slot machines and 70,000 square feet of retail, dining and entertainment space.
SOURCE: Company estimates


Why does WellPoint collaborate with more than 3,500 health care providers?



Faces In The News
# Trump Faces Angry Phila. Group Over Casino Plan
Greg Levine, 08.11.06, 12:58 PM ET

Nicetown is a real neighborhood in Philadelphia, whose northern district was certified as blighted in September 2003. And it's the focus of a coalition struggling with developer Donald Trump.

In October, we reported that the billionaire applied for one of only two stand-alone gaming licenses -- Class 2 Slot Licenses -- being issued for the City of Brotherly Love, and one of only five being issued by the commonwealth of Pennsylvania.

Acting with Keystone Redevelopment Partners, a local consortium including **Pat Croce**, former owner of **Comcast's** Philadelphia 76ers NBA team, and Brian P. Tierney, chief executive of Philadelphia Media Holdings, the Trump Entertainment Resorts namesake then entered into a five-year option to lease some 18 acres at the intersection of Interstate 76 and Pennsylvania Route 1 in Philadelphia.

The dream: TrumpStreet, a glitzy gaming complex on the border of Philly's Nicetown and East Falls.

But if the Multi-Community Alliance and affiliated advocacy groups have their way, Trump's little acre will lay fallow.

Some denizens of the Cradle of Liberty feel the pleasure palace may not end up creating the 905 jobs suggested, but will end up relying on human-usurping technology. Irv Ackelsberg, co-chairman of Southwest Germantown Neighbors Association, told the *Philadelphia Inquirer* that, "With slots parlors, we have seen automation reduce the number of jobs."

And some fear the project could bring even worse than racy vice and empty promises: MCA Chairman Ralph Wynder said he fears the rise of addiction and crime in the area: "Those who seek this [casino] are prescribing a future...that will have grave consequences for those of us who have to live here."

Another factor leaving some locals bitter: Tasty Baking. Last month, the star of **General Electric's** NBC hit *The Apprentice* declared the acquisition of an option to buy 12 acres of the pastry maker's property for the TrumpStreet site. After the option announcement, according to Wynder, Trump abruptly broke off talks with representatives of six of 27 MCA member organizations.

The Tasty Baking land option reportedly would not include a nearby facility for its Tastykake brand, but some fear the real-estate deal might be the harbinger of the bakery firm fleeing the city -- and taking hundreds of jobs with it. "We don't want to facilitate the departure of Tastykake from the neighborhood," said Ackelsberg.

A side note: Last week, Tasty Baking posted a 2.7% drop in second-quarter net sales. Apparently, there are all kinds of addictions -- and those who resist them.

The gaming licenses are due to be doled out -- to winners unknown -- by the end of this year.

**More Faces In The News**

**The World's Best Big Companies**

Case ID: 101200571